

*Issues & Appeals*

February 20, 2014

Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re:   Nos. 12-55705 and 12-56250, *Dilts v. Penske* and *Campbell v. Vitran Express*
      Consolidated for argument on March 3, 2014, at 9:30am in Courtroom 1, Pasadena

Dear Ms. Dwyer:

In *Dan's City Used Cars v. Pelkey*—decided after briefing here was completed—the U.S. Supreme Court unanimously held that the FAAAA's qualifying phrase "with respect to the transportation of property" makes clear that the FAAAA preempts only state laws that regulate carriers in their capacity as carriers and that are concerned with the transportation of property:

> That phrase 'massively limits the scope of preemption' ordered by the FAAAA. … [F]or purposes of FAAAA preemption, it is not sufficient that a state law relates to the 'price, route, or service' of a motor carrier in any capacity; the law must also concern a motor carrier's 'transportation of property.'

Slip. op. at 8 (citations omitted). *Dan's* thus "clarified that the FAAAA does not preempt state law claims where the statute itself does not relate to the 'movement of property.'" *Mass. Delivery Ass'n v. Coakley*, 2013 WL 5441726, at *5 (D. Mass. 2013). In so doing, the Supreme Court has "foreclosed" the argument that the FAAAA can preempt state laws that "apply to all employees regardless of the underlying industry." *Id*. It is no answer to say that state laws are preempted "merely because they govern common carriers … If that were true, then the limitation described in *Dan's City* would have no practical impact." *Id.* at *6 n.5.

This limitation is consistent with the discussion of pre-*Dan's* precedent in our reply at 3-8. Grounded in the FAAAA's text, *Dan's* provides a clearer, more workable limiting principle than a law's "relatedness" to prices, routes or services. But if this Court nevertheless grounds its decision in "relatedness," it should do so based on a recognition of "the full flexibility that California's meal and rest break laws offer employers." *Mendez v. R+L Carriers*, 2012 WL 5868973, at *6 (N.D. Cal. 2012). As the United States explains in its amicus brief (at 21), the state law's impact "is too speculative and remote to warrant preemption" and in no way conflicts with federal laws, regulations, policies, or objectives. (All decisions cited here are attached, as are briefs discussing *Dan's* in a related case, *Cole v. CRST*, No. 13-55507.)

                                            Respectfully submitted,

                                            */s/ Deepak Gupta*
                                            Deepak Gupta
cc:   All Counsel of Record                 *Counsel for Plaintiffs-Appellants*

Gupta Beck PLLC

1625 Massachusetts Ave, NW, Suite 500, Washington, DC 20036

P 202 470 3826    F 202 328 7030

guptabeck.com